110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Lewis BROWN, Defendant-Appellant.
 No. 95-6683.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1997.
 
 Before: BROWN, BATCHELDER and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Samuel Lewis Brown appeals the district court's sentence of 195 months' imprisonment imposed after his plea of guilty to ten counts of various drug trafficking crimes. Brown challenges the district court's denial of a downward departure based on Brown's claims of sentencing entrapment or manipulation.
 
 I.
 
 2
 Beginning in June 1994, Special Agent Mike Finley of the Tennessee Bureau of Investigation began buying marijuana from Defendant-Appellant Samuel Lewis Brown ("Brown"). Agent Finley made seven or eight purchases from Brown, with the largest purchase involving almost a pound of marijuana. Agent Finley also purchased methamphetamine from Brown on three occasions, purchasing 27.5 grams, 6.7 grams and 168.3 grams respectively.
 
 
 3
 On February 18, 1995, a thirteen-count indictment was filed against Brown in the United States District Court for the Eastern District of Tennessee. On May 23, 1995, Brown pleaded guilty to counts one through ten of the indictment. The United States Probation Office prepared a presentence investigation report, determining that Brown's guideline range was 188-235 months' imprisonment. Brown objected to the presentence investigation report on several bases, including his contention that a downward departure was warranted because the government engaged in sentencing entrapment or manipulation. Specifically, Brown alleged that Agent Finley steered Brown towards trafficking in methamphetamine in addition to marijuana, and that the transaction involving 168.3 grams of methamphetamine was undertaken for the sole purpose of enhancing Brown's sentence.
 
 
 4
 On October 2, 1995, the court held a sentencing hearing in which Agent Finley testified about his dealings with Brown, in order to address Brown's argument that sentencing entrapment had taken place. Agent Finley gave information about his various dealings with Brown, including his testimony that it was Brown who first suggested that they deal in methamphetamine. Agent Finley also testified about the purposes of continued dealings with Brown that resulted in larger drug transactions. According to Finley, the continued dealings were an attempt to locate Brown's source of drugs and the other individuals who were involved, and to remove from the street as large a quantity of drugs as possible. The district court determined that these were legitimate law enforcement purposes, concluding that "on these facts there was no sentencing manipulation if, indeed, sentencing manipulation is a recognized defense to a sentence in the 6th Circuit." The court issued its judgment and commitment order on October 2, 1995, sentencing Brown to 195 months' imprisonment and determining that a departure was not warranted in this case. Brown filed a timely notice of appeal.
 
 II.
 
 5
 We review decisions to depart from the sentencing guidelines for abuse of discretion; an error of law in the interpretation or application of the guidelines constitutes an abuse of discretion, and the abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions. United States v. Moses, --- F.3d ----, 1997 WL 57746 (6th Cir. Feb. 13, 1997) at * 4 (citing Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996)) (other citations omitted).
 
 III.
 
 6
 Sentencing entrapment has been described as "outrageous official conduct [which] overcomes the will of an individual predisposed only to dealing small quantities for the purpose of increasing the amount of drugs ... and the resulting sentence of the entrapped defendant." United States v. Barth, 990 F.2d 422, 424 (8th Cir.1993) (citations omitted). This circuit has never explicitly acknowledged sentencing entrapment or manipulation as a valid basis for a departure under the guidelines. United States v. Jones, 102 F.3d 804, 809 (6th Cir.1996). But see United States v. Sivils, 960 F.2d 587, 598-99 (6th Cir.1992) ("There is indeed something very disturbing about the government having the power to manipulate a sentence by essentially changing the market value of the cocaine.... If [defendant] could demonstrate that the government manipulated the dollar amount of cocaine to increase his sentence, such manipulation would certainly provide a fundamental fairness defense against the higher sentence.").
 
 
 7
 Other circuits that have addressed the issue have concluded that sentencing entrapment may warrant a downward departure under certain circumstances. See United States v. Stavig, 80 F.3d 1241, 1246 (8th Cir.1996) (guidelines require district court to determine if government engaged in sentencing entrapment); United States v. Staufer, 38 F.3d 1103, 1108 (9th Cir.1994) (sentencing entrapment may be legally relied upon to depart under the Sentencing Guidelines); Barth, 990 F.2d at 424-25 (stating in dicta that although not present in that case, "sentencing entrapment may be legally relied upon to depart under the sentencing guidelines"); United States v. Connell, 960 F.2d 191, 196 (1st Cir.1992) (possibility that sentencing entrapment may be an appropriate basis for sentence reduction). But see United States v. Williams, 954 F.2d 668, 673 (11th Cir.1992) (rejecting sentencing entrapment as a viable defense).
 
 
 8
 In the present case, the district court--without ruling on whether sentencing entrapment is a valid ground for departure--held that Brown failed to demonstrate facts amounting to sentencing entrapment. The district court stated:
 
 
 9
 The question here is did law enforcement do, in particular, the February 13th 1995 [drug transaction that was] larger than the other [ ] methamphetamine deal[s,] with the defendant for the purpose of increasing the length of his sentence. I don't think that they did. I don't think that there is any evidence that they did. I think that they did it, as the officer testified here, not to increase his sentence, but for really, I guess, two purposes. One is they were trying to find, they were continuing to do deals with him just to see if they could smoke out his source and find other people who might be also implicated in defendant's criminal activity, and, also, they wanted to soak up as much in the way of drug quantity as they could to get the drugs off the streets, if you will.
 
 
 10
 Thus, the district court made findings that militated against a downward departure based upon sentencing entrapment, because the court found no evidence of outrageous official conduct that overcame Brown's predisposition only to deal in small quantities of drugs. See Barth, 990 F.2d at 424. Accordingly, the district court made appropriate findings and its failure to depart downward on the basis of sentencing entrapment did not constitute an abuse of discretion. Because the district court found that the facts of this case were insufficient to warrant a defense of sentencing entrapment--and did not abuse its discretion in doing so--we have no need to address the larger issue of whether this circuit should recognize sentencing entrapment as a valid basis for downward departure.
 
 IV.
 
 11
 For the foregoing reasons, Brown's sentence of 195 months' imprisonment is AFFIRMED.